**Manford Frank ANDERSON,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–02–00640–CR.**

Court of Appeals of Texas,
Dallas.

April 15, 2003.

Rehearing Overruled Aug. 5, 2003.

Frank R. Hughes, Attorney At Law, Greenville, for Appellant.

John Roach, Criminal Dist. Atty., Katharine K. Decker, McKinney, for State.

Before Justices MORRIS, JAMES, and FITZGERALD.

**OPINION**

Opinion By Justice FITZGERALD.

Manford Frank Anderson appeals his conviction for felony driving while intoxicated (DWI). After finding appellant guilty, the trial court sentenced him to eight years' imprisonment and assessed a $1000 fine. Appellant brings one point of error, contending the prior DWI convictions could not be used to enhance his punishment from a misdemeanor to a felony under section 49.09 of the penal code. We affirm the trial court's judgment.

The State charged appellant with committing the offense of DWI on April 1, 2001 and alleged appellant had been previously convicted of felony DWI in 1991, 1983, and 1982. It appears the State used the first two prior felony-DWI convictions to enhance the charged offense from a class B misdemeanor to a third degree felony under section 49.09(b)(2) of the penal code, and that the third prior felony-DWI conviction was used to enhance the punishment from a third degree felony to a second degree felony under section 12.42(a)(3) of the penal code. *See* TEX. PEN.CODE ANN. §§ 12.42(a)(3), 49.09(b)(2) (Vernon 2003).

We first address the "ten-year rule" contained in section 49.09(e) of the

penal code. This section prohibits the use of a prior DWI conviction for enhancement if the defendant committed the charged DWI more than ten years after the judgment date of the prior DWI and if the person was not convicted of another DWI within that ten-year period.[1] *Id.* § 49.09(e)(2), (3). Appellant's 1983 conviction occurred more than ten years before he committed the charged offense on April 1, 2002; however, appellant was convicted of another DWI in October 1991, which is within ten years of the 1983 conviction. Thus, the 1983 conviction may be used to enhance the level of offense under section 49.09 only if appellant's 1991 conviction is valid.

■ Appellant contends the 1991 conviction is invalid and cannot be used to enhance the level of offense (and thus the

1983 offense also cannot be used for enhancement) because the trial court signed an order on October 17, 1996 purporting to set aside the 1991 judgment of conviction and to dismiss the indictment for that offense because appellant had successfully completed his probation. The code of criminal procedure, however, does not authorize such an order following a DWI conviction.[2] Thus, the trial court lacked authority to enter the October 17, 1996 order to the extent it purported to set aside the 1991 DWI conviction, dismiss that indictment, and release appellant from all penalties and disabilities resulting from that judgment of conviction; and that portion of the order is a nullity and is void. *Jordy v. State,* 969 S.W.2d 528, 533–34 (Tex.App.-Fort Worth 1998, no pet.); *Mahaffey v. State,* 937 S.W.2d 51, 54–55 (Tex. App.-Houston [1st Dist.] 1996, no pet.).

1. The date of the judgment for the previous conviction is one of four possible times from which the ten-year periods are measured. *See* Tex. Pen.Code Ann. § 49.09(e)(2)(A)-(D) (Vernon 2003). The record in this case contains no evidence of the other three dates from which the ten-year periods could be measured.

2. When appellant committed the 1991 DWI, section 23 of article 42.12 provided as follows:

REDUCTION OR TERMINATION OF PROBATION. At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense *other than* an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or *an offense under Article*

*6701 l-1, Revised Statutes,* and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3516 (emphasis added), *renumbered and amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3739 (renumbering section 23 of article 42.12 as section 20 of article 42.12 and amending the section). *Cf.* Tex.Code Crim. Proc. Ann. art. 42.12, § 20 (Vernon Supp.2003).

Before September 1, 1994, the prohibition against DWI was located in article 6701 *l*-1 of the Texas Revised Civil Statutes. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77, *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.

Appellant's argument that the 1991 and 1983 prior DWI convictions may not be used to enhance his punishment under section 49.09 of the penal code lacks merit. We overrule appellant's sole point of error.

We affirm the trial court's judgment.