**Juan Antonio URIEGA, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 04–03–00397–CR.**

Court of Appeals of Texas, San Antonio.

March 10, 2004.

Robert Garza, Del Rio, for appellant.

Fred Hernandez, District Attorney, Del Rio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Juan Antonio Uriega ("Uriega") was convicted of the felony offense of driving while intoxicated ("DWI"). In his sole issue on appeal, Uriega asserts that the trial court lacked felony jurisdiction because one of the prior DWI convictions used to elevate his current offense from a misdemeanor to a felony was too remote. We vacate the judgment and dismiss the indictment.

### BACKGROUND

Uriega had two prior DWI convictions in 1979 and 1994 when he was charged with a third DWI committed on May 21, 2002. Under the statute, the State was required to prove Uriega had two prior DWI convictions in order to elevate the third DWI offense to a felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon 2003). Uriega filed a motion to dismiss alleging the trial

court lacked felony jurisdiction because his 1979 conviction was too remote under the amended version of the statute. *See* TEX. PENAL CODE ANN. § 49.09(e) (Vernon 2003). The court denied Uriega's motion to dismiss. On February 14, 2003, Uriega entered a guilty plea to the felony DWI offense, and was given a two-year suspended sentence and placed on community supervision for three years.

### ANALYSIS

Uriega contends the trial court erred when it denied his motion to dismiss and elevated his current DWI offense from a misdemeanor to a felony based on two prior DWI convictions under § 49.09(b)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). The two prior intoxication-related offenses referred to in § 49.09(b)(2) are elements of the offense of felony DWI[1]. *Gibson v. State,* 995 S.W.2d 693, 696 (Tex.Crim.App.1999). Under certain circumstances, such as where a prior DWI is too remote, subsection (e) of § 49.09 bars the State from proving all of the elements of felony DWI. *See* TEX. PENAL CODE ANN. § 49.09(e)(2), (3).

In this case, the ultimate issue concerns the remoteness of Uriega's 1979 DWI conviction. In determining whether the trial court erred, we must address the interpretation of the "ten-year rule" contained in § 49.09(e) of the Texas Penal Code, as amended on September 1, 2001. TEX. PENAL CODE ANN. § 49.09(e) (Vernon 2003). Since Uriega's primary DWI offense was committed on May 21, 2002, there is no question that the September 1, 2001, amendments[2] apply to determine which

---

1. Even though the statute uses the term "enhancement," it is clear that the prior DWI convictions are essential elements of the felony offense which serve to elevate the offense from a misdemeanor to a felony, rather than serving as mere punishment enhancements. *See* TEX. PENAL CODE ANN. § 49.09(b), (e).

2. Section 49.09 was amended again on September 1, 2003. *See* TEX. PENAL CODE ANN. § 49.09 (Vernon Supp.2004).

prior convictions may be used to elevate the primary offense to a felony. *See* TEX. PENAL CODE ANN. § 49.09 historical note (Vernon 2003) [Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 3, 2001 Tex. Gen. Laws 1213]. The cases cited by the State relate to charged DWI offenses committed before the September 1, 2001, effective date of the amendments to § 49.09(e), and are not pertinent.

Prior to its amendment on September 1, 2001, subsection (e) of Section 49.09 provided:

A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08, or any offense relating to operating a motor vehicle while intoxicated, committed *within 10 years before the date on which the offense for which the person is being tried was committed.*

TEX. PENAL CODE ANN. § 49.09(e) (Vernon 2000) [emphasis added].

After its amendment on September 1, 2001, subsection (e) of Section 49.09 now provides:

Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d);

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated *within 10 years of the latest date under Subdivision (2).*

TEX. PENAL CODE ANN. § 49.09(e) (Vernon 2003) [emphasis added].

Under the pre–2001 version of § 49.09(e), the proper approach was to "look back" ten years from the date of the primary DWI offense to determine whether an intervening DWI conviction had occurred since the remote DWI conviction. Uriega concedes that under the old law his 1979 conviction would have been admissible because he had an intervening DWI conviction in 1994, which is within the ten-year period preceding the 2002 DWI offense. *See, e.g., Smith v. State,* 1 S.W.3d 261 (Tex.App.-Texarkana 1999, pet. ref'd). Under the current language of § 49.09(e), Uriega argues that in determining whether he had an intervening DWI conviction the court was required to "look forward" ten years from the date of judgment on his 1979 conviction, rather than "looking backward" ten years from the date of the charged offense. Thus, because he did not have an intervening DWI conviction during the ten-year period between 1979 and 1989, the trial court was prevented from

using the 1979 conviction under subsection (e)(3) of Section 49.09. Uriega relies on two opinions, *Anderson v. State* and *Getts v. State*, to support his argument that the trial court erred in its interpretation of the amended version of § 49.09(e) and its admission of his 1979 conviction to elevate the charged offense to a felony. *See Anderson v. State*, 110 S.W.3d 98 (Tex. App.-Dallas 2003, no pet.); *Getts v. State*, No. 12–03–00047–CR, 2003 WL 22456104, —— S.W.3d —— (Tex.App.-Tyler 2003, no pet. h) (*not designated for publication*), *suppl. op. denying reh'g*, 2003 WL 22956392 (*not designated for publication*).

We agree with the reasoning of the Dallas and Tyler courts of appeal in *Anderson* and *Getts* that § 49.09(e), as amended September 1, 2001, prohibits the use of a prior DWI conviction if the defendant committed the charged DWI more than ten years after the judgment date of the prior DWI and if the defendant was not convicted of another intoxication related offense within that ten-year period. *Anderson*, 110 S.W.3d at 99; *Getts*, 2003 WL 22956392, at * 2. In *Anderson*, the defendant was charged with a DWI offense committed on April 1, 2001.[3] He had prior DWI convictions in 1991, 1983, and 1982. The court held that even though Anderson committed the charged offense more than ten years after his 1983 conviction, because he was convicted of another DWI in 1991 within ten years of the 1983 conviction, the 1983 conviction could be used under § 49.09(e)(2) and (3) of the Texas Penal Code to elevate his current offense to felony DWI. *Anderson*, 110 S.W.3d at 99.

Although Uriega acknowledges that as an unpublished opinion *Getts* has no precedential value, he argues the Tyler court of appeals correctly applied the amended version of § 49.09(e) to facts similar to those in his case. We agree. In *Getts*, the indictment charged that the defendant committed a DWI offense in 2002, and had two prior DWI convictions in 1984 and 1997. *Getts*, 2003 WL 22956392, at * 2. The trial court denied the defendant's motion to dismiss alleging the 1984 conviction was too remote and could not be used to elevate the charged DWI to a felony under the amended version of § 49.09(e). *Id.* In reversing, the Tyler court of appeals held that the trial court did not properly apply § 49.09(e), as amended, to the facts of the case and erred in denying the motion to dismiss. *Id.* at *4. The court stated that under the 2001 amendment to § 49.09(e), the defendant's 1984 DWI conviction met each of the requirements for remoteness because the 2002 DWI offense was committed more than ten years after the 1984 conviction and the defendant was not convicted of another intoxication related offense within ten years of the 1984 conviction. *Id.* at *2. The court found that the statute as amended is not ambiguous. *Id.* at *1.

Similarly, Uriega's 1979 conviction occurred more than ten years before he committed the charged offense on May 21, 2002, and Uriega was not convicted of another intoxication related offense until 1994, which is outside the ten-year period after the 1979 date of judgment.[4] There-

---

**3.** The *Anderson* opinion also cites the date of the charged offense as April 1, 2002, but this discrepancy does not change the validity of the court's analysis. *See Anderson*, 110 S.W.3d at 98–99.

**4.** The date of judgment of the prior conviction is one of four possible dates from which the ten-year period is measured under the amend-

ed version of § 49.09(e)(2)(A)–(D). *See* TEX. PENAL CODE ANN. § 49.09(e)(2)(A)–(D) (Vernon 2003). The record in this case contains no evidence of the other three dates from which the ten-year period could be measured, and Uriega does not assert any other date than the date of judgment should be used.

fore, under the express language of the statute as amended effective September 1, 2001, Uriega's 1979 conviction was too remote to be used to elevate the charged DWI offense to a felony. TEX. PENAL CODE ANN. § 49.09(b)(2), (e)(2), (3). Our interpretation of § 49.09(e), as amended, is consistent with the plain language of the statute as well as the legislative intent. *See Getts*, 2003 WL 22956392, at *1. The trial court did not properly apply § 49.09(e) to the facts of Uriega's case; therefore, the court erred in denying his motion to dismiss. Accordingly, we vacate the judgment of the trial court, grant Uriega's motion to dismiss, and dismiss the indictment. *See* TEX.R.APP. P. 43.2(e).[5]

---

**5.** We acknowledge that appellant has requested that we reverse and render judgment of acquittal, but appellant's complaint on appeal does not entitle him to a judgment of acquittal on the charged misdemeanor DWI.