COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-161-CR
  
  
GERALD 
DUANE HOWARD                                                     APPELLANT
  
  
V.
 
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Appellant 
Gerald Duane Howard appeals his conviction for felony driving while intoxicated 
(DWI). A jury found Howard guilty and assessed his punishment at sixty years’ 
confinement.  In two points, Howard challenges the factual sufficiency of 
the evidence to prove that he operated a motor vehicle while intoxicated and the 
factual sufficiency of the evidence establishing two prior DWI offenses utilized 
to enhance the present offense to a felony.  We will reverse and remand.
II. 
Factual Background
        On 
the night of May 6, 2002, as Annette Stull drove home from work, she saw a 
white, older model pickup truck driving erratically.  The driver drove the 
truck all over the road, sped up, slowed down, and slammed on the brakes.  
While Stull followed the truck, the driver repeatedly veered into the oncoming 
lane of traffic, including while cresting a hill, rounding a curve, and crossing 
a bridge.  Stull called 911 on her cell phone and reported a suspected 
drunk driver.  The driver eventually turned onto Avery Road, and Stull told 
the 911 operator that she was going home.
        Deputy 
Steve Smith responded to the 911 dispatch and encountered a white, mid-nineties 
model GMC pickup on Avery Road.  While Smith followed the truck, the driver 
failed to indicate a turn onto Lipan Highway, crossed over the highway’s 
center line twice, and veered across the solid white line on the right-hand 
shoulder with all four tires.  Smith activated his emergency lights to pull 
the truck over, but the driver stopped the truck only after Smith sounded his 
siren. The driver stopped at a Circle B Grocery Store.  When Smith 
approached the truck, the driver identified himself as Gerald Howard. Smith 
noticed a strong odor of alcohol emitting from Howard’s breath and asked 
Howard to submit to some field sobriety tests.  Howard said that he had 
three to four beers that evening and agreed to perform the sobriety tests.
        Smith 
administered the horizontal gaze nystagmus test (HGN), and Howard exhibited the 
maximum six “clues,” indicating intoxication.  Smith also administered 
the one-leg stand test, and Howard held his foot up for only four counts, again 
indicating intoxication.  Smith finally administered the nine-step walk and 
turn test, but Howard became unbalanced while listening to the instructions, 
never touched his heel to his toe, stepped off the designated line twice, and 
fell over once.  Based on the results of these three tests, Smith placed 
Howard under arrest for driving while intoxicated.
        Smith 
inventoried Howard’s truck and found twenty-one empty beer cans and 
bottles.  He found one full cold can of beer and one half-full open can of 
beer in the front of the truck.  Smith transported Howard to the police 
station, and officers questioned Howard in the intoxilyzer room.  Howard 
refused to provide a breath sample, and this time declined performance of the 
field sobriety tests.
        Eddie 
Raines, Howard’s friend and coworker, testified for the defense.  He said 
he, Bob, and Magan were with Howard on the evening of May 6, 2002.  Raines 
said that he, Bob, and Magan were drinking beer in the truck, but that he did 
not see Howard drink anything.  He further testified that Howard drove a 
gold GMC truck with no tailgate.  Charles Prater, Howard’s employer, also 
testified that Howard drives a goldish-looking GMC truck with no tailgate.
        Howard 
testified that he took Raines and some other coworkers to Kroger to get 
groceries because his coworkers did not have driver’s licenses.  He said 
he was not drinking that night and that the empty beer cans in his truck were 
from beers consumed by his passengers.  Howard blamed his behavior that 
night on lack of sleep, claiming he had been awake since 4:15 a.m. the prior 
morning. Howard said that he did use his turn signal when he turned onto Lipan 
Highway and explained that he did not immediately pull over when he saw 
Smith’s emergency lights because it was not a good place to pull over.  
He thought he did “pretty good” on both the one-leg stand and the nine-step 
walk and turn tests.  He testified that Smith filmed the field sobriety 
tests performed after the traffic stop with a portable video camera, but Smith 
testified that his patrol car does not have a video camera.  Howard also 
testified that Smith’s partner placed Howard in the patrol car, but Smith 
testified he was working alone that night. Howard said that a wrecker tow truck 
arrived at the Circle B Grocery Store at exactly the same time Smith stopped him 
there.  Howard said that Smith asked the driver of the tow truck to stay by 
the gas pumps until the field sobriety testing was completed.
        Howard 
said that he was not intoxicated when Smith pulled him over.  According to 
Howard, the breathalyzer is a “trap.”  He said that he did not trust 
the officers to operate the machine properly. Howard admitted that he had two 
prior DWI convictions and concluded his testimony by telling the jury that Smith 
lied: (1) about Howard stating that he consumed three to four beers; (2) about 
where he turned on his emergency lights; (3) about not having a video camera in 
his patrol car; (4) about Howard failing the sobriety tests; and (5) about the 
color of Howard’s truck, which is gold.
III. 
Standard of Review
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually 
insufficient if it is so weak as to be clearly wrong and manifestly unjust or 
the adverse finding is against the great weight and preponderance of the 
available evidence.  Johnson, 23 S.W.3d at 11.  Therefore, we 
must determine whether a neutral review of all the evidence, both for and 
against the finding, demonstrates that the proof of guilt is so obviously weak 
as to undermine confidence in the verdict, or the proof of guilt, although 
adequate if taken alone, is greatly outweighed by contrary proof.  Id.  
In performing this review, we are to give due deference to the fact finder’s 
determinations.  Id. at 8-9; Clewis, 922 S.W.2d at 136.  
We may not substitute our judgment for that of the fact finder’s.  Johnson, 
23 S.W.3d at 12.  Consequently, we may find the evidence factually 
insufficient only where necessary to prevent manifest injustice.  Johnson, 
23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 
1997).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required.  Johnson, 23 
S.W.3d at 12.  A proper factual sufficiency review must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 
603 (Tex. Crim. App. 2003).
IV. 
Factually Sufficient Evidence to Support 2002 DWI Conviction
        In 
his first point, Howard complains that the evidence is factually insufficient to 
prove he operated a motor vehicle while intoxicated.  Specifically, Howard 
argues that the video at the jail portrays a man who is not impaired physically 
or mentally and that neither of the State’s witnesses identified his truck as 
gold or as missing a tailgate.  The State responds that the evidence is 
factually sufficient to sustain Howard’s conviction.
        Stull 
reported Howard’s erratic driving to 911 after watching him repeatedly veer 
into the oncoming lane of traffic.  When Deputy Smith encountered Howard on 
Avery Road, Howard failed to signal a turn, crossed over the center stripe 
twice, and crossed the shoulder stripe once.  Smith detected a strong odor 
of alcohol on Howard’s breath, and Howard admitted to drinking three to four 
beers.  Howard failed the field sobriety tests: the HGN test, the one-leg 
stand test, and the walk and turn test.  And, police found over twenty beer 
cans in Howard’s truck.
        Raines 
corroborated Howard’s statement that he had not been drinking on the night in 
question. Raines, Prater, and Howard contradicted both Stull and Smith’s 
testimony that the truck was white, testifying that Howard drives a gold truck 
that does not have a tailgate. In addition, Howard presented the jury with a 
different version of his performance on the field sobriety tests, stating that 
he passed all of the tests.  Howard also negated many of Smith’s 
statements and told the jury that Smith lied about the color of Howard’s 
truck, about where Smith turned on his emergency lights, about not videotaping 
the field sobriety tests, and about how many beers Howard had consumed.
        The 
jury viewed a videotape of Howard in the intoxilyzer room. It shows Howard 
refusing to take a breathalyzer test and to reperform the field sobriety 
tests.  During the short video, Howard is cooperative, answering the 
officers’ questions and standing in the designated box.
        Viewing 
the foregoing evidence in a neutral light, favoring neither party and giving due 
deference to the fact finder’s determinations, we conclude there is factually 
sufficient evidence that Howard lacked the normal use of his physical and mental 
faculties on the night in question. See Johnson, 23 S.W.3d at 7; Clewis, 
922 S.W.3d at 136.  The jury’s evident acceptance of Stull’s and 
Smith’s testimony was not so contrary to the overwhelming weight of the 
evidence to justify a finding that it was factually insufficient to sustain the 
verdict.  Perkins v. State, 19 S.W.3d 854, 858 (Tex. App.—Waco 
2000, pet. ref’d) (holding DWI evidence factually sufficient even when police 
station video shows defendant cooperating with officers, speaking clearly but 
deliberately, and able to follow directions); see also Page v. State, 7 
S.W.3d 202, 209 (Tex. App.—Fort Worth 1999, pet. ref’d) (stating because 
there was no scientific evidence in DWI case, it was entirely a question of 
credibility).  We hold that the evidence is factually sufficient to support 
Howard’s conviction for operating a motor vehicle while “intoxicated by not 
having the normal use of his mental or physical faculties by reason of the 
introduction of alcohol into his body.”  See Tex. Penal Code Ann. § 
49.01(2)(A) (Vernon 2003); see also Rodriguez v. State, 31 S.W.3d 359, 
361 (Tex. App.—San Antonio 2000, pet. ref’d) (holding evidence factually 
sufficient to support jury’s verdict in DWI case).  We overrule 
Howard’s first point.
V. 
Factually Insufficient Evidence to Support Enhancement
        In 
his second point, Howard contends that the evidence is factually insufficient[1] to prove the two enhancement DWIs.[2]  
Howard’s indictment alleged that he committed DWI on May 6, 2002 and that 
prior to the commission of that offense he was convicted of DWI on August 10, 
1999 and on February 9, 1989.[3]  The issue 
presented by Howard is whether the evidence is factually sufficient to support 
the State’s use of the remote 1989 DWI to enhance the charged May 6, 2002 
offense to a felony.
        The 
DWI statutes permit the State to enhance[4] a DWI 
charge from a Class B misdemeanor to a third degree felony if the requirements 
of section 49.09(e) are met.  See generally Tex. Penal Code Ann. § 49.09(b), 
(e).  Prior to its amendment on September 1, 2001, subsection (e) of 
section 49.09 of the Texas Penal Code provided:
 
A 
conviction may not be used for purposes of enhancement under this section if:
 
(1) 
the conviction was a final conviction under Subsection (d) and was for an 
offense committed more than 10 years before the offense for which the person is 
being tried was committed; and
 
(2) 
the person has not been convicted of an offense under Section 49.04, 49.05, 
49.06, 49.07, or 49.08, or any offense relating to operating a motor vehicle 
while intoxicated, committed within 10 years before the date on which the 
offense for which the person is being tried was committed.
 
 
Act 
of May 30, 1999, 76th Leg., R.S., ch. 1364, § 12, 1999 Tex. Gen. 
Laws 4606, 4610 (amended 2001) (current version at Tex. Penal Code Ann. § 49.09(e) 
(Vernon 2003)).
        After 
its amendment on September 1, 2001, subsection (e) of section 49.09 now 
provides:
 
Except 
as provided by Subsection (f), a conviction may not be used for purposes of 
enhancement under this section if:
 
(1) 
the conviction was a final conviction under Subsection (d);
 
(2) 
the offense for which the person is being tried was committed more than 10 years 
after the latest of:
 
(A) 
the date on which the judgment was entered for the previous conviction;
 
(B) 
the date on which the person was discharged from any period of community 
supervision on which the person was placed for the previous conviction;
 
(C) 
the date on which the person successfully completed any period of parole on 
which the person was released after serving a portion of the term to which the 
person was sentenced for the previous conviction; or
 
(D) 
the date on which the person completed serving any term for which the person was 
confined or imprisoned for the previous conviction; and
 
(3) 
the person has not been convicted of an offense under Section 49.04, 49.05, 
49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor 
vehicle while intoxicated within 10 years of the latest date under Subdivision 
(2).

 
Tex. Penal Code Ann. § 49.09(e) 
(Vernon 2003).[5]
        In 
determining whether a prior DWI conviction could be used to enhance a current 
DWI to a felony, the pre-2001 version of section 49.09(e) utilized a “look 
back” approach.  See Uriega v. State, No. 04-03-00397-CR, 2004 WL 
431472, at *2 (Tex. App.—San Antonio Mar. 10, 2004, pet. filed).  The 
statutory language directed courts to “look back” ten years from the date of 
the primary DWI offense and determine whether an intervening DWI conviction had 
occurred since the remote DWI conviction, i.e, a conviction more than ten years 
prior to the charged offense.[6]  Id.
        Under 
the current version of section 49.09(e), the determination of whether a 
defendant has had an intervening DWI conviction is made by “looking forward” 
ten years from the date of the oldest DWI conviction.  Id.  
That is, courts look forward ten years from the remote, oldest DWI conviction 
and determine whether the defendant in that ten-year period attained a DWI 
conviction.  Id.  Under both versions of the statute, the State 
bears the burden of proving the defendant has two prior DWI convictions within 
the relevant time period.  See generally, Renshaw v. State, 981 
S.W.2d 464, 466 (Tex. App.—Texarkana 1998, pet. ref’d) (decided under 
pre-2001 amendments version of 49.09(e)).
        Because 
Howard’s primary DWI offense is alleged to have occurred on May 6, 2002, the 
current version of section 49.09(e), including the 2001 amendments, apply to 
this case.  See Uriega, 2004 WL 431472, at *2.[7]  Here, Howard’s July 7, 1989 conviction occurred 
more than ten years before he committed the charged offense on May 6, 2002, and 
Howard was not convicted of another intoxication-related offense until August 
10, 1999,[8] which is one month outside the ten-year 
period after the July 1989 conviction.[9]  Under 
the express language of the statute as amended effective September 1, 2001, 
Howard’s 1989 conviction was too remote to be used to elevate the charged DWI 
offense to a felony.  See Tex. Penal Code Ann. § 
49.09(b)(2), (e)(2), (e)(3); see also Uriega, 2004 WL 431472, at *3; Getts 
v. State, No. 12-03-00047-CR, 2003 WL 22456104, at *3 (Tex. App.—Tyler 
Oct. 29, 2003, pet. filed) (not designated for publication).[10]   
Therefore, the State did not meet its burden.  See generally, Renshaw, 
981 S.W.2d at 466 (holding, under previous version of 49.09(e), that in felony 
DWI trial State must prove existence of two prior DWI convictions and that 
convictions fall within prescribed statutory time period for enhancement use).
        Viewing 
the foregoing evidence in a neutral light, favoring neither party and giving due 
deference to the fact finder’s determinations, we conclude there is factually 
insufficient evidence to enhance the current DWI conviction to a felony.  
The 1989 conviction the State used to enhance Howard’s 2002 DWI offense from a 
misdemeanor to a felony was improper because it does not meet the statutory 
requirements mandated by Texas Penal Code section 49.09(e).  See Uriega, 
2004 WL 431472, at *3; Getts, 2003 WL 22456104, at *3.  Accordingly, 
we sustain Howard’s second point.
VI. 
Conclusion
        Having 
sustained Howard’s second point, we reverse the judgment of the trial court 
and remand this case for further proceedings consistent with this opinion.  
See Tex. R. App. P. 43.2(d).
  
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
F:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
PUBLISH
DELIVERED: 
April 29, 2004

 
NOTES
1.  
We note that the prayer in Howard’s brief asks this court to acquit him and 
alternatively seeks a remand.  A prayer for an acquittal is consistent with 
a challenge to the legal sufficiency of the evidence. See Clewis, 922 
S.W.2d at 133 (holding appellant challenging legal sufficiency of evidence 
should request reversal and rendition of judgment of acquittal).  Howard 
specifically frames his second issue, however, as a challenge to the factual 
sufficiency of the evidence.  Therefore, we apply a factual sufficiency 
analysis to Howard’s second point.
2.  
In one sentence in his brief, Howard also argues that both prior DWI convictions 
are too remote to be used to enhance the May 6, 2002 DWI; therefore, the 
district court did not have jurisdiction to hear the case.  Howard did not, 
however, brief this jurisdictional issue; therefore, we will not address 
it.  See Massey v. Massey, 807 S.W.2d 391, 403 (Tex. App.—Houston 
[1st Dist.] 1991, writ denied) (stating failure to properly brief 
error results in waiver of alleged error).
3.  
Howard contends that a conflict exists between the proof at trial and the 
indictment’s enhancement allegations because the State proved two different 
conviction dates for the alleged 1989 DWI.  The State admitted a copy of 
the 1989 DWI judgment showing a conviction date of February 9, 1989, consistent 
with the indictment’s allegation, and also introduced a copy of Howard’s 
state driving record showing a conviction date of July 7, 1989.  The 
disparity in these dates does not alter the outcome of this case.
4.  
We use the term “enhance” because penal code section 49.09 uses that 
term.  We recognize, however, that prior DWIs are elements of the offense 
of felony DWI as opposed to traditional enhancement provisions.  See, 
e.g., Hollen v. State, 117 S.W.3d 798, 801 (Tex. Crim. App. 2003) 
(explaining that “the two prior [DWI] convictions are elements of the offense 
of felony DWI”); Tex. Penal Code § 12.42, 
.43 (Vernon 2003) (setting forth traditional punishment enhancement provisions).
5.  
The Legislature amended Texas Penal Code section 49.09 again in 2003, but not 
the subsections at issue here.
6.  
This appears to be the method the State relies on in using Howard’s prior DWI 
convictions to enhance his current DWI conviction.
7.  
Under the pre-2001 amendments version of section 49.09(e), the State could 
utilize Howard’s 1989 DWI conviction to enhance the charged DWI because Howard 
had an intervening DWI conviction on August 10, 1999, which is within the 
ten-year period preceding the charged offense.  See Uriega, 
2004 WL 431472, at *2.
8.  
Howard appears to argue that his 1999 DWI conviction cannot be used to enhance 
his current DWI conviction because it fails the test set forth in Texas Penal 
Code section 49.09(d), which provides that a prior DWI conviction occurring on 
or after September 1, 1994, is a final conviction regardless of whether the 
sentence for the conviction is probated.  See Tex. Penal Code Ann. § 
49.09(e).  Howard misinterprets subsection (d).  Subsection (d) does 
not make all DWI convictions occurring after September 1, 1994 too remote.  
Id.  Instead, subsection (d) statutorily makes all DWI convictions 
on or after September 1, 1994, final for purposes of satisfying subsection 
(e)(1).  See id. § 49.09(e)(1).  A final DWI conviction is 
barred from use for enhancement purposes only if it meets subsection (e)(1), 
(2), and (3).  Id. § 49.09(e)  Therefore, Howard’s argument 
concerning subsection (d) does not make the 1999 conviction inadmissible.
9.  
The judgment date of the prior conviction is one of four possible dates from 
which the ten-year “look forward” period is measured under the amended 
version of section 49.09(e)(2)(A)-(D).  See Tex. Penal Code Ann. § 
49.09(e)(2)(A)-(D).  The record in this case contains no evidence of the 
other three dates from which the ten-year period could be measured, nor does the 
State urge the application of any other statutory date.
10.  
Our interpretation of section 49.09(e) is consistent with the plain language of 
the statute, legislative intent, and other appellate decisions.  See 
Uriega, 2004 WL 431472, at *3; Anderson v. State, 110 S.W.3d 98, 99 
(Tex. App.—Dallas 2003, no pet.); Getts, 2003 WL 22456104, at *3.