IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,501






EX PARTE RAFAEL VAZQUEZ FELIX, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 6337 FROM THE 223RD


DISTRICT COURT OF GRAY COUNTY






 Per curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of driving while
intoxicated and punishment, enhanced by another felony, was assessed at confinement for five
years. No direct appeal was taken.

 Applicant contends that he has improperly been convicted of a felony because the
sentence on one of the prior DWI convictions used to enhance this offense to a felony expired
more than ten years before he committed the primary offense, and more than ten years before he
was convicted of his other DWI conviction. The trial court entered findings of fact that Applicant
committed the primary offense on May 3, 2002, that the sentence on his first DWI conviction
expired January 12, 1990, and that he was convicted of his second DWI offense on August 23,
2000.

 A driving while intoxicated offense committed between August 31, 2001 and September
1, 2005 may not be enhanced to a felony using a prior conviction for which the sentence or
community supervision expired more than ten years before the primary offense was committed,
unless the defendant either (1) was convicted of another DWI less than ten years after that
expiration date, or (2) finished serving another sentence or community supervision for DWI less
than ten years before the relevant prior conviction was obtained. Getts v. State, 155 S.W.3d 153
(Tex. Crim. App. 2005). Applicant's second prior conviction was obtained more than ten years
after the sentence expired on his first prior conviction, and the primary offense was committed
more than ten years after that expiration date, so the 1989 conviction could not be used to
enhance this primary offense to a felony under PenalCode § 49.09(e).

 Habeas corpus relief is granted. The judgment in cause number 6337 in the 223rd Judicial
District Court of Gray County is reformed to reflect a conviction for a class A misdemeanor, and
Applicant is remanded to the trial court for new assessment of punishment.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions and Parole divisions.

DELIVERED: September 20, 2006

DO NOT PUBLISH