NO. 07-06-0216-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 7, 2006


______________________________



THE STATE OF TEXAS, 



 Appellant


v.



USTACIO CELAYA, 



 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-2005I-145; HON. ROLAND SAUL, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 The State of Texas appeals from an order granting the motion of Ustacio Celaya 
to quash the indictment issued against him. Through the motion, Celaya asserted that the
indictment was defective because one of the prior convictions used to enhance the
underlying charge of driving while intoxicated to the level of a felony was too remote. The
trial court agreed. The State now argues that the decision of the trial court was incorrect. 
Neither conviction was too remote according to the provisions of § 49.09(e) of the Texas
Penal Code, it posits. (1) We overrule the issue and affirm the trial court's order.

 The State indicted Celaya for driving while intoxicated on or about July 30, 2005. 
Included in the indictment were two enhancement paragraphs. They were to be used to
make the offense a felony. See Tex. Pen. Code Ann. §49.09(b)(2) (Vernon Supp. 2006)
(stating that an offense of driving while intoxicated is a felony of the third degree if it is
shown that the person has previously been convicted two times of any other offense
relating to the operation of a motor vehicle while intoxicated). The first paragraph averred
that Celaya had been convicted of driving while intoxicated on April 20, 1989. The second
mentioned a like conviction on April 29, 1982. 

 Per §49.09(e) of the Penal Code, a conviction may not be used for enhancement
purposes if: 

 (1) the conviction was a final conviction . . . 

 (2) the offense for which the person is being tried was committed more than
10 years after the latest of:


 (A) the date on which the judgment was entered for the
previous conviction;


 (B) the date on which the person was discharged from any
period of community supervision on which the person was
placed for the previous conviction;


 (C) the date on which the person successfully completed any
period of parole on which the person was released after
serving a portion of the term to which the person was
sentenced for the previous conviction; or


 (D) the date on which the person completed serving any
sentence for which the person was confined or imprisoned for
the previous conviction; and


 (3) the person has not been convicted of an offense. . . related to operating
a motor vehicle while intoxicated within 10 years of the latest date under
Subdivision (2).


Tex. Pen. Code Ann. §49.09(e) (Vernon 2003). All three conditions must be met for the
conviction to be available for enhancement, according to the Court of Criminal Appeals. 
Getts v. State, 155 S.W.3d 153, 156 (Tex. Crim. App. 2005). That same court also took
care to note that the phrase "a conviction may not be used for purposes of enhancement
under this section . . ." refers "to one conviction, not two." Id. at 155-56 (emphasis added). 
Thus, the statue "applies to prior convictions individually, not collectively." Id. In other
words, each conviction to be used for purposes of enhancement must be tested against
the three conditions. 

 Counsel for Celaya represented to the trial court that the 1989 conviction resulted
in a probated sentence. Furthermore, Celaya was discharged from probation on July 10,
1992, according to counsel. The prosecutor did not dispute or object to these
representations. See Peterson v. State, 961 S.W.2d 308, 311 (Tex. App.-Houston [1st
Dist.] 1997, pet. ref'd) (stating that non-evidence introduced and considered by a court
without objection is considered evidence); Jones v. State, 795 S.W.2d 32, 34 (Tex.
App.-Houston [1st Dist.] 1990, no pet.) (stating the same). Given this information, we
conclude that the 1989 conviction falls within the scope of §49.09(e) and cannot be used
for the enhancements purposes involved at bar. This is so because it 1) was final, 2) the
current offense for which Celaya is being prosecuted purportedly occurred more than ten
years after his discharge from probation for the 1989 conviction, (2) and 3) Celaya had not
been convicted for driving while intoxicated within ten years of July 20, 1992 (i.e. his 1982
conviction for same having occurred several months outside the ten-year window). 

 In holding as we do, we reject the State's contention that to the extent the 1982
conviction may be available for enhancement purposes, then the 1989 conviction
automatically becomes available since it arose within ten years of 1982. As stated in
Getts, each conviction the State intends to use must be separately tested against the
conditions of §49.09(e). Getts v. State, 155 S.W.3d at 155-56. So, both the 1982 and
1989 convictions at bar must undergo separate testing against the conditions of §49.09(e). 
And, that the unpublished decision in State v. Henderson, No. 05-03-01832-CR, 2005 Tex.
App. Lexis 1467 (Tex. App.-Dallas, February 24, 2005, pet. denied) may suggest
otherwise is of no moment. There, the court suggested that the two prior convictions could
be used simply if the dates of conviction were within ten years of each other. Yet, that
holding ran afoul of §49.09(e)(3).

 Section 49.09(e)(3) provided for the comparison of two matters. One was the
conviction sought to be used for enhancement purposes. The other was any other
conviction of appellant for driving while intoxicated. And, while the applicable date (i.e. the
date to be utilized in the comparison) for the latter was the date of conviction, such is not
true for the former. Rather, the statute specified that date to be the "latest date under
Subdivision (2)." Tex. Pen. Code Ann. §49.09(e)(3) (Vernon 2003). And, we are bound
by this quoted passage from the statute. Morever, this particular passage was not taken
into account by the Henderson court in arriving at its decision. (3) Consequently, we do not
find the opinion controlling. 

 So too do we reject the State's alternative argument that if a conviction precedes
that which the State purports to use, then what date is the "latest" (for purposes of
§49.09(e)(3)) is determined by calculating in the inverse. We are obligated to afford words
appearing in a statute their plain meaning. Getts v. State, 155 S.W.3d at 155. 
Furthermore, the plain meaning of the word "latest" connotes something "happening just
previous to the present time [especially] as the most recent of a succession." Merriam-Webster Collegiate Dictionary 702 (11th ed. 2003). In other words, "latest" means the
most recent or near to the present time. So, by using that particular word in §49.09(e)(3),
the legislature required us to calculate not retroactively but prospectively so as to
determine the date most near the present.

 In sum, because the date (July 20, 1992) on which Celaya was discharged from
probation as a result of his 1989 conviction was not within ten years of his April 29, 1982
conviction, the 1989 conviction could not be used for enhancement purposes. Thus, the
trial court did not err in granting his motion to quash the indictment, and we affirm that
order.


 Brian Quinn 

 Chief Justice 


Publish.

1. Section 49.09(e) of the Penal Code was repealed effective September 1, 2005. Act of May 25, 2005,
79th Leg. R.S., ch. 996, §3, 1993 Tex. Gen. Laws 3364. However, it is applicable here given that the offense
for which Celaya is being prosecuted purportedly occurred before September 1, 2005. See id. §4 (providing
that the change does not apply to offenses occurring before the effective date of the act). 
2. Section 49.09(e)(2) requires that the "latest" of the dates contemplated by subsections (A), (B), (C),
and (D) be used to assess whether the conviction is too remote. Tex. Pen. Code Ann. §49.09(e)(2) (Vernon
2003). Since appellant received probation or community supervision, served no parole, and served no
sentence in prison, subsections (C) and (D) do not apply. Nor does the date described in subsection (A) apply
since Celaya's date of discharge from probation (i.e. July 1992) is later than his date of conviction (April 1989). 
3. The chart appearing in the appendix of Getts may also be read as incorporating this omission. For
instance, it alludes to the "prior convictions [being] within 10 years of one another." Getts v. State, 155 S.W.3d
153, 167 (Tex. Crim. App. 2005). Some may read that passage as saying the pertinent dates to compare are
the dates of conviction as opposed to the date of conviction and the discharge date. Such a reading, however,
would ignore the express language of §49.09(e)(3).