

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-091-CR

DWAYNE CORDOVA                                                        APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

-----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

A jury convicted Appellant Dwayne Cordova of failure to register as a sex offender and assessed his punishment at forty-two months' confinement. The trial court sentenced him accordingly. In two points, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Because of the peculiar circumstances of this case, we hold the evidence both legally and factually sufficient and affirm the trial court's judgment.

The State charged Appellant with failure to register as a sex offender with the

---

[1] ... *See* Tex. R. App. P. 47.4.

chief of police within seven days of Appellant's arrival in Fort Worth.[2] Appellant had appeared at a Fort Worth halfway house for persons released from the penitentiary on parole on April 16, 2008. Jeannie Parsons, Appellant's case manager, told him that he was required to register as a sex offender annually. She told him that he was to register annually by notifying the Sex Crimes Registration Apprehension and Monitoring Unit ("S.C.R.A.M. Unit") at the Fort Worth Police Department.

The statute, however, required Appellant to report to the Fort Worth Chief of Police.[3] Parsons made an appointment for Appellant to register not with the chief of police, but with the S.C.R.A.M. Unit on April 29, 2008, more than seven days after his arrival in Fort Worth.[4] Appellant did not register with the S.C.R.A.M. Unit or the chief of police, nor is there any evidence in the record that he attempted to do so.

The astute trial judge noted that the statute does not authorize the police chief or the sheriff to designate an agent or other substitute to whom persons required to report as sex offenders may report.[5] As the Texas Court of Criminal Appeals reminds us,

[W]e interpret the Legislature's statutes, not its intentions. . . . As the

---

[2] ... *See* Tex. Code Crim. Proc. Ann. art. 62.051(a)(1) (Vernon Supp. 2009).

[3] ... *See id.* arts. 62.001(2), 62.051(a).

[4] ... *See id.* art. 62.051(a)(2) (allowing registration to occur more than seven days after person's arrival if he registers the first date allowed by the "local law enforcement authority").

[5] ... *See id.* arts. 62.001, 62.051.

2

Supreme Court reminded us . . ., "if Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result."[6]

Had the legislature intended police chiefs and sheriffs to designate agents to whom sex offenders should report, that body would have so provided.

The record reflects that Appellant refused to report to the S.C.R.A.M. Unit. But Appellant was neither required by law to report to the S.C.R.A.M. Unit nor indicted for failure to report to that unit. The law required him to report to the chief of police of the Fort Worth Police Department.[7] The record reflects no attempt by Appellant to report to the chief. If the record contained evidence that Appellant attempted to report but had been refused access to the chief, we would be presented with a different case. But here, while Appellant violated no law in refusing to report to the S.C.R.A.M. Unit, he did violate the law by making no attempt to timely report to the chief of police. Accordingly, applying the appropriate standard of review to these unique facts,[8] we hold that the evidence is legally sufficient to support Appellant's conviction. We overrule Appellant's first point.

Further, applying the appropriate standard of review for factual sufficiency to

---

[6] *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) (quoting *Lamie v. U.S. Trustee*, 540 U.S. 526, 542, 124 S. Ct. 1023, 1034 (2004)).

[7] See Tex. Code Crim. Proc. Ann. arts. 62.001(2), 62.051(a).

[8] *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

3

these facts, we cannot conclude that the evidence supporting conviction is so weak that the jury's determination is clearly wrong or manifestly unjust.[9] Accordingly, we hold that the evidence is factually sufficient to support Appellant's conviction. We overrule Appellant's second point.

Having overruled Appellant's two points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 19, 2010

---

[9]... *See Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).

4