COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                                 NO.
2-09-091-CR

 

 

DWAYNE
CORDOVA                                                                         APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

A jury convicted Appellant Dwayne Cordova of
failure to register as a sex offender and assessed his punishment at forty-two months=
confinement.  The trial court sentenced
him accordingly.  In two points,
Appellant challenges the legal and factual sufficiency of the evidence to
support his conviction.  Because of the
peculiar circumstances of this case, we hold the evidence both legally and
factually sufficient and affirm the trial court=s
judgment.








The State charged Appellant with failure to
register as a sex offender with the chief of police within seven days of
Appellant=s arrival in Fort Worth.[2]  Appellant had appeared at a Fort Worth
halfway house for persons released from the penitentiary on parole on April 16,
2008.  Jeannie Parsons, Appellant=s case
manager, told him that he was required to register as a sex offender
annually.  She told him that he was to
register annually by notifying the Sex Crimes Registration Apprehension and
Monitoring Unit (AS.C.R.A.M. Unit@) at the
Fort Worth Police Department.

The statute, however, required Appellant to
report to the Fort Worth Chief of Police.[3]  Parsons made an appointment for Appellant to
register not with the chief of police, but with the S.C.R.A.M. Unit on April
29, 2008, more than seven days after his arrival in Fort Worth.[4]  Appellant did not register with the
S.C.R.A.M. Unit or the chief of police, nor is there any evidence in the record
that he attempted to do so.

The astute trial judge noted that the statute
does not authorize the police chief or the sheriff to designate an agent or
other substitute to whom persons required to report as sex offenders may
report.[5]  As the Texas Court of Criminal Appeals
reminds us, 








[W]e interpret the
Legislature=s statutes, not its
intentions. . . .  As the Supreme Court
reminded us . . ., Aif Congress enacted into
law something different from what it intended, then it should amend the statute
to conform it to its intent.  It is
beyond our province to rescue Congress from its drafting errors, and to provide
for what we might think . . . is the preferred result.@[6]

 

Had the legislature intended police chiefs and sheriffs to designate
agents to whom sex offenders should report, that body would have so provided.

The record reflects that Appellant refused to
report to the S.C.R.A.M. Unit.  But
Appellant was neither required by law to report to the S.C.R.A.M. Unit nor
indicted for failure to report to that unit. 
The law required him to report to the chief of police of the Fort Worth
Police Department.[7]  The record reflects no attempt by Appellant
to report to the chief.  If the record
contained evidence that Appellant attempted to report but had been refused
access to the chief, we would be presented with a different case.  But here, while Appellant violated no law in
refusing to report to the S.C.R.A.M. Unit, he did violate the law by making no
attempt to timely report to the chief of police.  Accordingly, applying the appropriate
standard of review to these unique facts,[8]
we hold that the evidence is legally sufficient to support Appellant=s
conviction.  We overrule Appellant=s first
point.








Further, applying the appropriate standard of
review for factual sufficiency to these facts, we cannot conclude that the
evidence supporting conviction is so weak that the jury=s
determination is clearly wrong or manifestly unjust.[9]  Accordingly, we hold that the evidence is
factually sufficient to support Appellant=s
conviction.  We overrule Appellant=s second
point.

Having overruled Appellant=s two
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc.
Ann. art. 62.051(a)(1) (Vernon Supp. 2009).





[3]See id. arts.
62.001(2), 62.051(a).





[4]See id. art.
62.051(a)(2) (allowing registration to occur more than seven days after person=s arrival if he registers
the first date allowed by the Alocal law enforcement authority@).





[5]See id. arts. 62.001, 62.051.





[6]Getts v. State, 155 S.W.3d 153, 158
(Tex. Crim. App. 2005) (quoting Lamie v. U.S. Trustee, 540 U.S. 526,
542, 124 S. Ct. 1023, 1034 (2004)).





[7]See Tex. Code Crim. Proc.
Ann. arts. 62.001(2), 62.051(a).





[8]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007).





[9]See Steadman v. State,
280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d
404, 414B15, 417 (Tex. Crim. App.
2006).