

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00082-CV

THE STATE OF TEXAS                                                    APPELLANT

V.

N.R.J.                                                                        APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## DISSENTING OPINION

----------

I respectfully dissent from the majority opinion.

Appellee was arrested for driving while intoxicated (DWI), and he was arrested for possession of marijuana.[1] That is, there were two separate arrests pursuant to two separate warrants.[2] Even though both arrests occurred on the

---

[1]*See* Tex. Penal Code Ann. § 49.04 (West Supp. 2014); Tex. Health & Safety Code Ann. § 481.121(b)(1) (West 2010).

[2]*See* Tex. R. Evid. 201(b)–(c).

same date, two separate cases were filed, and two separate bond amounts were set by the court. Appellee could secure his pretrial release only by posting two separate bail bonds, BOND ID# 763645 in the possession case and BOND ID# 763646 in the DWI case.[3] The possession case was designated Case No. CR-2008-00672-D, while the DWI case was designated Case No. CR-2008-00674-D.

The majority correctly states that "[a]n arrest occurs when a person has been actually placed under restraint or taken into custody by an officer."[4] Appellee was arrested for DWI. Subsequently, the officer discovered the marijuana and arrested Appellee for possession of marijuana. Yet, the majority reaches the puzzling conclusion, unsupported by any authority, that "[r]egardless of whether multiple cases were filed or multiple bond amounts were set, there was but one arrest on December 6, 2007."[5] Is the majority confusing trips to the jail for booking with arrests? If a defendant had been accused of committing an offense in jail, would the majority argue that there was but one arrest because he had already been placed under restraint?

The plea in bar permitted the trial court to consider Appellee's admission of guilt in the possession case only to assess punishment in the DWI case, not to

---

[3]*See id.*

[4]Majority Op. at 9.

[5]*Id.* at 8.

support the DWI conviction. Although the majority insists that the new expunction statute applies only to wrongful arrests,[6] Article 55.01 specifically permits expunction when "the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code."[7] Admission to a pre-trial intervention program does not require actual innocence and may require an admission of guilt: taking responsibility for one's actions.[8]

I suggest that the real question before us is the proper scope of the expunction. The original stop was for DWI. The circumstances of the original DWI detention are not subject to expunction. Any signs of intoxication are not subject to expunction. The DWI arrest and subsequent breath test are not subject to expunction. The only matters subject to expunction are the discovery of the contraband marijuana and those matters directly related to the marijuana possession arrest and prosecution.

---

[6]*Id.* at 7 n.2.

[7]Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2014).

[8]*See, e.g.*, Tarrant Cnty., Tex., *D.I.R.E.C.T.—Drug Impact Rehabilitation Enhanced Comprehensive Treatment Diversion Program*, *available at* https://www.tarrantcounty.com/direct/site/default.asp (noting that each participant is required to enter a guilty plea) (last visited Nov. 19, 2014).

The expunction statute is clear.[9]   Appellee's possession arrest did not result in conviction for possession, nor did it result in conviction for a lesser included offense of the possession charge.  The possession arrest also did not result in deferred adjudication community supervision for that offense.  We should affirm the trial court's action.  Had the legislature intended to add another requirement for expunction, such as the requirement that the case not have been considered in assessing punishment in a different case under penal code section 12.45, the legislature was quite capable of doing so.  It did not.  It is not the place of the courts to "improve on" the language of a statute, no matter how great the temptation.[10]  I therefore respectfully dissent from the majority opinion.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

DELIVERED:  November 26, 2014

---

[9]*See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004).

[10]*See Lamie v. U.S. Trustee*, 540 U.S. 526, 542, 124 S. Ct. 1023, 1034 (2004); *Getts v. State,* 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) (quoting *Lamie*, 540 U.S. at 542, 124 S. Ct. at 1034); *see also In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) ("We . . . presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." (citations omitted)).