# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00251-CR

---

**Mac Jim White, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 433RD DISTRICT COURT OF COMAL COUNTY**
**NO. CR2023-218D, GLENN H. DEVLIN, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellant Mac Jim White was charged with possession of a controlled substance in an amount between 4 grams and 200 grams. *See* Tex. Health & Safety Code §§ 481.115(d). The indictment also included two enhancement allegations, each stating that White previously had been convicted of the felony offense of robbery. *See* Tex. Penal Code § 12.42(b). At trial, White entered a plea of not guilty but pled true to both enhancement paragraphs. The jury found White guilty and assessed punishment at twenty years' imprisonment. The trial court pronounced the sentence in accordance with the jury's verdict and sentenced White to twenty years' imprisonment and a fine of $10,000. White then appealed his conviction.

White's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). White's court-appointed attorney's brief concluding that

the appeal is frivolous and without merit meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). White's counsel represented to the Court that he provided copies of the motion and brief to White; advised White of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided White with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). To date, White has not filed a request for the appellate record, a pro se response, or a motion for extension of time.

We have independently reviewed the record and considered appellate counsel's brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit, and we grant counsel's motion to withdraw.

We observe, however, that the judgment of conviction incorrectly lists Texas Penal Code section 12.24(b), rather than section 12.42(b), as the statute for enhancement. *See* Tex. Penal Code § 12.42(b). This Court has authority to modify incorrect judgments in *Anders* cases when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case); *Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth

2005, no pet.). Accordingly, we modify the judgment of conviction to reflect that the statute for enhancement is Texas Penal Code section 12.42(b).

We affirm the trial court's judgment of conviction, as modified.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Modified and, as Modified, Affirmed

Filed: November 14, 2024

Do Not Publish