**Motion Granted; Affirmed as Reformed and Memorandum Opinion filed November 6, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00130-CR

---

### VICTOR SANTANA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1312173**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of aggravated assault. On January 30, 2014, the trial court sentenced appellant to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders*

*v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Counsel has complied with the *Anders* procedures set out in *Kelly v. State,* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). A copy of the appellate record was provided to appellant, and appellant was advised of the deadline to file any pro se response to counsel's brief. As of this date, more than thirty days have passed since the deadline and no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We need not address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The judgment reflects that appellant was convicted of "aggravated assault-family member." The State abandoned the language in the indictment alleging that the aggravated assault was against a family member. The jury was not asked to find in the charge, and did not find, that the complainant was a member of appellant's family. Accordingly, we reform the trial court's judgment to delete "family member" from the offense so that the judgment reflects appellant was convicted of aggravated assault. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth"). In an appeal in which counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment

2

may be reformed. *See Ferguson v. State,* 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child victim); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (reforming judgment in *Anders* appeal to delete improper condition of parole); *see also Getts v. State,* 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming court of appeals' judgment, which reformed the judgment of conviction in *Anders* appeal).

Accordingly, we affirm the judgment of the trial court as reformed.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).