**Affirmed as Reformed and Memorandum Opinion filed December 15, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00262-CR

**TRUMAINE MARKE WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 72609**

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for aggravated robbery. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se response has been filed.

The judgment contains an error in that the trial court assessed attorneys' fees against appellant, who is indigent. A trial court is allowed to assess attorneys' fees against a defendant who had court-appointed counsel if the trial court determines the defendant has financial resources enabling him to offset, in part or in whole, the costs of legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2015). Article 26.05(g) of the Texas Code of Criminal Procedure requires a present factual determination of the defendant's financial resources without speculation about possible future resources. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

The record reflects appellant filed an affidavit of indigence and the trial court appointed counsel to represent appellant at trial. Once found indigent, appellant is presumed to have remained indigent for the remainder of the proceedings absent a factual determination of a material change in his financial circumstances. *See Cates*, 402 S.W.3d at 251; Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2015).

A review of the record reveals there was not a finding by the trial court that appellant's financial circumstances changed and he was able to re-pay the costs of court-appointed counsel. Therefore, there are insufficient facts in the record to rebut appellant's presumed indigence and justify the assessment of attorneys' fees against him under article 26.05(g). *See* Tex. Code Crim. Proc. Ann. art. 26.05(g).

Accordingly, we reform the trial court's judgment to delete the assessment of attorneys' fees in the amount of $7,604.48. In an appeal in which counsel has

filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child complainant); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (reforming judgment in *Anders* appeal to delete improper condition of parole); *see also Getts v. State*, 155 S.W.3d 153, 155 (Tex.Crim.App.2005) (affirming court of appeals' judgment reforming the judgment of conviction in *Anders* appeal).

Having reformed the judgment, as noted above, and having carefully reviewed the record and counsel's brief, we agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed, as reformed to delete the assessment of attorneys' fees in the amount of $7,604.48.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).