

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00001-CR
_____

LAMONT LANKEEN MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2128583

_____

Before Morriss, C.J., Stevens and van Cleef, JJ.
Opinion by Chief Justice Morriss

# O P I N I O N

Following his open plea of guilt, Lamont Lankeen Mitchell was convicted of assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.). After Mitchell pled true to the State's punishment-enhancement allegation, he was sentenced to twelve years' imprisonment. Mitchell appeals.

Mitchell's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel has provided a professional evaluation of the record, demonstrating why there are no arguable grounds to be advanced, he has met the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967). *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 6, 2022, counsel mailed Mitchell a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Mitchell's signature. Mitchell was informed of his right to review the record and file a pro se response. On May 19, 2022, this Court received Mitchell's motion for pro se access to the record. On May 24, 2022, this Court forwarded a paper copy of the appellate record to Mitchell and advised Mitchell that his pro se response was due on or before July 8, 2022. On July 25, 2022, this Court further informed Mitchell that the case would be set for submission on the briefs on August 15, 2022. We

received neither a pro se response from Mitchell nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error. *See Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case); *Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (reforming trial court's judgment in *Anders* case because abatement "would require the trial court to do a useless task— appoint counsel to raise an issue of law that we have previously ruled on" and affirming the judgment, as modified); *see also R.J.O. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-13-00478-CV, 2013 WL 6060778, at *1 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.) (reforming trial court's final decree to remove a statutory ground for termination and affirming judgment, as modified, in *Anders* case); *Sheddan v. State*, No. 12-12-00391-CR, 2013 WL 3377416, at *1 (Tex. App.—Tyler July 3, 2013, no pet.) (mem. op., not designated for publication) (reforming trial court's judgment to reflect plea of "true" to enhancement paragraph and affirming judgment, as modified, in *Anders* case); *Thomas v. State*, No. 13-12-00283-CR, 2012 WL 6680143, at *1–2 (Tex. App.—Corpus Christi Dec. 20, 2012, no pet.) (mem. op., not designated for publication) (deleting a $500.00 fine from appellant's administrative fees and affirming the judgment, as modified, in *Anders* case); *McBreen v. State*, Nos. 05-03-01424-CR, 05-03-01425-CR, 2005 WL 3032496, at *4 (Tex. App.—Dallas Nov. 14, 2005, no pet.) (mem.

3

op., not designated for publication) (modifying trial court's written judgment to reflect the sentence orally pronounced and affirming the judgment, as modified, in an *Anders* case); *Burnett v. State*, No. 06-00-00147-CR, 2001 WL 82520, at *1–2 (Tex. App.—Texarkana Feb. 1, 2001, no pet.) (mem. op., not designated for publication) (reforming trial court's judgment to delete condition of parole and affirming judgment, as modified, in an *Anders* case); *Adams v. State*, No. 14-97-00553-CR, 1999 WL 144793, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 18, 1999, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect that appellant was convicted of third-degree felony, rather than second-degree felony, noting that this error "does not entitle appellant to reversal of his conviction" and affirming judgment, as modified, in *Anders* case).[1]

The record shows that the judgment and bill of costs assessed Mitchell a time payment fee of $15.00. The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to

---

[1]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

completely pay any fine, court costs, or restitution" owed. *Id.* at 133. We modify the judgment and the bill of costs by deleting the time payment fee.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Thus, we affirm the trial court's judgment, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:      August 15, 2022
Date Decided:        August 17, 2022

Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.